IN THE UNITED STATES DISTRICT COURT \
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

STACY FULLWOOD,                 *

             Petitioner,        *       CASE NO.5:00-CV-473 (DF)
                                      28 U.S.C. § 2255

VS.                        *
                                      CASE NO.5:92-CR-26-001 (DF)

UNITED STATES OF AMERICA,   *

             Defendant.        *

## REPORT AND RECOMMENDATION

On July 24, 1992, Petitioner Fullwood pled guilty pursuant to a Plea Agreement with the Government (R-47) to Counts Four and Nine of a Ten Count Superseding Indictment returned in this court on April 15, 1992 (R-14).  As to Count Four, Petitioner pled guilty to Possession With the Intent to Distribute Cocaine Base in violation of 21 U.S.C. §841(a)(1), and as to Count Nine, Petitioner pled guilty to Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §922(g)(1).  Subsequent to a Pre-Sentence Investigation (PSI) reported to the court, Petitioner was sentenced on February 24, 1993, to a term of 288 months imprisonment. (R-92)  Petitioner appealed his sentence to the Eleventh Circuit Court of Appeals which affirmed the same on February 8, 1994. (R- 94)   The United States Supreme Court denied Petitioner's application for writ of *certiorari* on June 1, 1994. Petitioner Fullwood filed no action for collateral review of his sentence until July 12, 2000, when he filed a Petition For Writ of Habeas Corpus under 28 U.S.C. §2241 in the United States District Court for the Northern District of Alabama. (R-144)  By Order dated October

3, 2000, the District Court for the Northern District of Alabama directed the transfer of said Petition for Writ of Habeas Corpus to the United States District Court for the Middle District of Georgia as a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. (R-144). However, neither the Northern District of Alabama nor the District Court for the Middle District of Georgia advised Petitioner Fullwood of the ramifications of the recharacterization of his motion pursuant to *Castro v. United States,* 540 U.S 375, 124 S.Ct. 786 (2003), because the *Castro* decision had not yet been rendered at that time. Petitioner's Motion was denied by this court as time-barred pursuant to the provisions of the AEDPA included in 28 U.S.C. § 2255. Petitioner Fullwood appealed the district court's denial of his recharacterized Motion to the Eleventh Circuit Court of Appeals where the same was affirmed on October 4, 2002. (R-154).

On November 29, 2004, Petitioner Fullwood filed, in this court, a Motion For Recall Of Mandate And Reconsideration of § 2255 Denial. (R-156). He pointed out that on July 5, 2002, during the pendency of his appeal of the denial of his § 2255 motion, he "advised the Court of Appeals of the recent Supreme Court decision in *Alabama v. Shelton,* 122 S.Ct. 1746 (May 20, 2002), (asserting that) it affected his uncounseled conviction in which he received a suspended sentence." In his Motion For Recall and Reconsideration, Fullwood also advised this court that his "arguments are identical to those presented in *Howard v. United States,* No. 03-119-19 (11th Cir. June 25, 2004)", and that "he is entitled to the benefits of these decisions." This court construed Petitioner's Motion as a second and successive § 2255 Motion To Vacate, Set Aside, or Correct his Sentence and dismissed the

2

same without prejudice pursuant to 28 U.S.C. § 2244(b)(3)(A).  Petitioner appealed that

decision and, on May 23, 2006,  the Eleventh Circuit Court of Appeals vacated the decision

finding that the district court had erred in characterizing Petitioner's Motion For Recall and

Reconsideration as a second and successive § 2255 Motion, and remanded the action for

further consideration, expressing no opinion on the timeliness or the merits of Fullwood's

Motion.  (Appeal No. 05-10896).

### Petitioner's Motion For Recall and Reconsideration

_____Petitioner Fullwood contends in his Motion (R-156) that "his federal sentence had

been improperly enhanced by a prior uncounseled state conviction in which he received a

suspended sentence."  He adds, "Movant was sentenced to a period of ten years probation

and ordered to pay a fine of twenty-five hundred dollars plus costs and surcharge, without

benefit of counsel, in Case No. 88R-24, entered in the Superior Court in and for Crisp

County , Georgia on February 22, 1988."  The PSI , which was reported to the district

court prior to Petitioner Fullwood's federal sentence, contained two prior State felony

drug-related convictions at ¶ ¶ 39 and 43 in Fullwood's Criminal History.  As to both of

these felony drug-related convictions and resultant sentences, the PSI states, "The

defendant was represented by counsel." (PSI at ¶ ¶ 40 and 44).  Petitioner Fullwood now

contends that Crisp Superior Court Case No. 88R-24, which originally carried a sentence

of 10 years probation, after a 30 day jail term, under the provisions of the Georgia First

Offender Act, was uncounseled.  The PSI shows that Petitioner's First Offender status

was revoked and he was sentenced to serve a term of nine (9) years imprisonment on June

3

8, 1989. (PSI, ¶ 41).

Petitioner Fullwood asserts that *Alabama v. Shelton,* 535 U.S. 654, 122 S.Ct. 1764 (2002), issued during the appeal of the denial of his first collateral attack upon his 1993 sentence and made retroactive to cases on collateral review by *Howard v. United States,* 374 F.3d 1068 (11ᵗʰ Cir. 2004), "is a 'newly recognized' rule applicable to Mr. Fullwood's case."

It is not necessary to resolve the conflict between Petitioner Fullwood's present contention that the prior State conviction and sentence in question was uncounseled and the PSI's showing that it *was* counseled.  Petitioner Fullwood's reliance on *Shelton* and *Howard* is misplaced, as the *Howard*  Court clearly pointed out that:

> *Lackawanna* (*County Dist. Attorney v. Coss,* 532 U.S. 394, 121 S.Ct. 1567 (2001)) held that because of its special status a *Gideon*[1] -type defect in a prior conviction may be raised collaterally in a sentence proceeding where that prior conviction is offered as a basis for enhancement. 532 U.S. at 404-05, 121 S.Ct. At 1574.  But the Supreme Court did not decide in *Lackawana* or any other case that procedural defenses do not apply to claims of *Gideon* - type errors.  Just the opposite.  The Court said in *Lackawana* that: "As with any § 2254 petition, the petitioner must satisfy the procedural prerequisites for relief including . . . exhaustion of remedies." *Id.* at 404, 121 S.Ct. At 1574.
>
> Compliance with contemporaneous objection rules is a procedural prerequisite for relief on *Gideon* -related grounds in a § 2255 proceeding, just as it is in a § 2254 proceeding. That much is clear from the Supreme Court's opinion in *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578 (2001).  There the

---

[1] *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792 (1963) was in full effect as the authority for Petitioner Fullwood's right to counsel at the time of his 1988 State sentencing in Crisp Superior Court Case No. 88R-24, as well as at the time of his federal sentencing in question.

4

Court said:

> A defendant may challenge a prior convicton as
> the product of a *Gideon* violation in a § 2255
> motion, but generally only if he raised that claim
> at his federal sentencing proceeding.  *See United
> States v. Frady,* 456 U.S. 152, 167-68, 102 S.Ct.
> 1584 (1982) (holding that procedural default rules
> developed in the habeas corpus context apply in
> § 2255 cases); *see also Reed v. Farley,* 512 U.S.
> 339, 354-55, 114 S.CT. 2291 (1994).

*Id.* at 382-83, 121 S.Ct. at 1583-84. . . .

> It is true that Supreme Court decisions from the time of *Gideon*
> to the present day have reflected "a theme that failure to appoint
> counsel for an indigent defendant was a unique constitutional
> defect." *Custis* (*v. United States,* 511 U.S. 485, 114 S.Ct. 1732
> (1994)) at 496, 114 S.Ct. at 1738.   That theme has been
> manifested in a willingness to allow the defect to be raised
> collaterally in a sentence proceeding in which the conviction in
> question is being offered for use.  It has not, however, been
> manifested in a willingness to disregard applicable procedural
> defenses, one of which arises from the failure to raise the claim
> in the sentencing proceeding.

(*Id.* at 1071, 1072).  Petitioner Fullwood had all the tools needed to raise the issue of an uncounseled prior state conviction included in the Criminal History section of his PSI under consideration by the district court at the time of his federal sentencing in 1993. *See Howard,* 374 F.3d at 1073.   However, as noted by the Eleventh Circuit Court of Appeals, Fullwood failed to raise that issue at sentencing and has therefore committed procedural default, even if the prior conviction in question was not, in fact, counseled.  In its decision regarding Petitioner Fullwood's appeal of the denial of his first collateral attack on his sentence, the Court of Appeals found the following:

> The presentence investigation report (PSI) indicated that
> Fullwood earlier was convicted – on two different occasions –

in state court for drug-related crimes.  As stated in the PSI, this prior drug conviction history qualified Fullwood for career crimial status according to U.S.S.G. § 4B1.1.

On 17 February 1993, the district court sentenced Fullwood to 288 months' imprisonment, which reflected 240 months' imprisonment for the drug possession offense, to be followed by a 48-month consecutive sentence for the firearms possession offense.  We affirmed the conviction and sentence in an unpublished opinion on 10 January 1994. *United States v. Fullwood,* No.93-8250, slip op. (11th Cir. January.10, 1994). The Supreme Court denied Fullwood's petition for *certiorari* on 16 May 1994. *Fullwood v. United States,* 114 S.Ct. 1860 (1994).

On 14 July 2000, Fullwood filed his section 2241 petition (later construed as a section 2255 motion to vacate), claiming that his federal conviction was based in part on an unconstitutional conviction.  For the first time, Fullwood claimed that one of the two state convictions was unlawful because he lacked the benefit of counsel during the process. Fullwood argued that the PSI incorrectly stated that he did have counsel present during the state court proceedings.  And, because his federal sentence relied on this faulty premise, Fullwood argues his federal sentence should be vacated and modified to ignore the unlawful state conviction.

Fullwood did not raise this argument during his sentencing hearing.  He offered no objections to the PSI other than to dispute the amount of drugs in controversy.  In addition, Fullwood did not raise this objection in his direct appeal. Fullwood collaterally attacks the validity of his prior conviction – for the first time – in his section 2255 motion.

As a general rule, a prior conviction used to enhance a federal sentence cannot be attacked collaterally at the federal sentencing hearing: a prior conviction is presumptively valid. *Daniels v. United States,* 121 S.Ct. 1578, 1583 (2001).  An exception exists to this rule: "If an enhanced federal sentence will be based in part on a prior conviction obtained in violation of the right to counsel, the defendant may challenge the validity of his prior conviction *during* his federal sentencing proceedings." *Id.* (emphasis added).  This idea is very different from challenging a prior conviction – for the first time – in a

section 2255 motion to vacate.  As the Supreme Court has indicated (in dicta), "[a] defendant may challenge a prior conviction as the product of a *Gideon* violation in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding." *Id.*

Because Fullwood did not raise the issue at his federal sentencing proceeding, he cannot collaterally attack the state conviction in a section 2255 motion.  Because Fullwood may not now bring scrutiny on the state conviction, he has not made out a viable claim of actual innocence.

(R-154).   This court makes the same findings and would not find contrary to the findings of the Court of Appeals on the issue of Petitioner's procedural default, even if it could. *See Westbrook v. Zant,* 743 F. 2d 764, 768 (11th Cir. 1984) (findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal). *United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000) (same). Likewise, the Government's reservation of argument on the issue of procedural default upon a possible reopening of Petitioner Fullwood's prior § 2255 is unnecessary, as the Circuit Court has already decided the issue adversely to Petitioner Fullwood. *Nyhuis,* 211 F.3d at 1343.(2000) (The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. *United States v. Rowa,* 663 F.2d 1034, 1035 (11th Cir. 1981).

Should Petitioner Fullwood wish to file a claim of ineffective assistance of counsel to assert that his federal sentencing counsel failed to challenge the validity of the State sentence which Petitioner contends was uncounseled, his vehicle would have to be a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255, and such a

motion would again be found to be time-barred by the AEDPA one-year period of limitations.

Petitioner Fullwood's Motion For Recall of Mandate and Reconsideration, fully considered, presents no justiciable issue.

WHEREFORE, IT IS RECOMMENDED that Petitioner Fullwoods Motion For Recall of Mandate and Reconsideration of Denial of § 2255 Motion be DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 9th day of October 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE