# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

STACY FULLWOOD,

    Movant,

v.                                Civil Action No. 5:00-cv-473 (HL)

FREDERICK BRIGHT, et al.,       Crim. Action No. 5:92-cr-26

    Respondents.

## ORDER

The Recommendation of United States Magistrate Judge G. Mallon Faircloth, entered October 10, 2006 (Doc. 8), in the above-captioned case is before the Court. Plaintiff has filed written objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1). The Court, having given de novo consideration to the objections and due consideration to the Recommendation, hereby accepts the Recommendation, as clarified below.

## I. INTRODUCTION

Movant, Stacy Fullwood, filed the Motion for Recall of Mandate and Reconsideration of § 2255 Denial (Doc. 6), which is the subject of this Order, on November 29, 2004. In the Motion, Fullwood requested that the Court reconsider its 2001 decision denying him relief under 28 U.S.C. § 2255. Fullwood maintained that the decision of the Supreme Court of the United States in <u>Alabama v. Shelton</u>, 535 U.S. 654, 122 S. Ct. 1746 (2002), should be applied retroactively to his case on collateral review. Rather than address the merits of Fullwood's

Motion, the Magistrate Judge to whom the case was assigned recommended that the Motion be dismissed as an impermissible, successive § 2255 motion. This Court accepted the Recommendation of the Magistrate Judge and the Motion was then dismissed.

Fullwood appealed from the dismissal of his Motion for Recall of Mandate and Reconsideration of Denial. On May 23, 2006, the United States Court of Appeals for the Eleventh Circuit remanded the matter to this Court, finding that the Court erred by dismissing Fullwood's Motion for Recall as a successive § 2255 motion. Following remand, the Magistrate Judge issued the Recommendation that is now before the Court.

## II.  PROCEDURAL HISTORY

In order to accurately analyze the Motion to Recall, it is necessary to fully understand the procedural history of this case. Therefore, the Court will set it out again in some detail, even though it has been recited by the Magistrate Judge in his Recommendation, as well as by the Eleventh Circuit in its opinions.

On July 24, 1992, Fullwood entered a plea of guilty to the offenses of distributing cocaine base and possession of a firearm by a convicted felon. Fullwood appeared for sentencing on February 17, 1993, and was sentenced to terms of confinement of 240 months and 48 months, with the terms to run consecutively, for a total of 288 months of confinement. The Judgment was entered on February 24, 1993. Fullwood filed a Notice of Appeal from the Judgment; the Judgment was affirmed by order of the Eleventh Circuit on January 10, 1994, and was entered as the mandate in this Court on February 8, 1994.

2

On July 14, 2000, while confined at the Talladega Federal Correctional Institute in Talladega, Alabama, Fullwood filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Alabama. In his Petition, Fullwood alleged that the sentence imposed by this Court in 1993 was unconstitutional in that it was enhanced by an uncounseled conviction. The warden, as respondent to the Petition, moved to dismiss because the claims were not cognizable under § 2241 and, alternatively, moved the court to construe the Petition as having been brought pursuant to 28 U.S.C. § 2255 and transfer the case to this district. The magistrate judge granted the motion, in part, and denied, in part, apparently recommending that all of Fullwood's § 2241 claims except the claim of actual innocence be denied and recommending that the actual innocence claim be transferred to this Court. The district court adopted the recommendation. The Petition was then transferred to this Court and docketed as a § 2255 motion and, as is done in all such cases, was referred to the Magistrate Judge.

In a Report and Recommendation entered on the docket on August 7, 2001, the Magistrate Judge reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The Magistrate Judge noted that § 2241 could not be used to circumvent the requirements of § 2255, and thus § 2241 was unavailable to Fullwood. The Magistrate Judge also concluded that, insofar as Fullwood's sentencing challenge was brought pursuant to § 2255, it was time-barred. The Magistrate Judge thus recommended that the Petition, construed as a Motion to Vacate, Set Aside, or Correct

3

Sentence, be denied.

By Order entered September 12, 2001, the district court adopted the Recommendation and Judgment was entered. Fullwood filed a Notice of Appeal from the Judgment of the district court on November 7, 2001. The district court denied Fullwood's corresponding Motion for a Certificate of Appealability, but the Eleventh Circuit granted the Motion on March 25, 2002, on the following issue: "Whether the district court correctly determined that appellant's motion to vacate his conviction and sentence, filed pursuant to 28 U.S.C. § 2255, was untimely under the one-year statute of limitations provision in the Antiterrorism and Effective Death Penalty Act of 1996." Fullwood v. United States, No. 01-16439 (11th Cir. Mar. 25, 2002).

In an opinion filed on October 4, 2002, the Eleventh Circuit affirmed the Order of this Court. Specifically, the appellate court noted that although Fullwood brought his Petition pursuant to § 2241, the district court in Alabama "correctly construed the petition as a section 2255 motion to vacate sentence and transferred the case to the Middle District of Georgia." Fullwood v. Wiley, No. 01-16439, slip op. at 2 n.1 (11th Cir. Oct. 4, 2002). As did the Magistrate Judge, the appellate court construed Fullwood's Petition as a § 2255 Motion to Vacate and applied the law accordingly. The court concluded that Fullwood's claim, that his sentence was improperly enhanced by an uncounseled conviction, could have been raised by him at sentencing, but was not. Therefore, the court determined that Fullwood could not raise the issue for the first time in his § 2255 Motion.

While Fullwood's case was pending in the court of appeals, the Supreme Court of the

4

United States decided Alabama v. Shelton, 535 U.S. 654, 122 S. Ct. 1764 (2002). In Shelton, the Court held that a suspended sentence that may result in the actual deprivation of liberty may not be imposed unless the defendant was represented by counsel. Shelton, 535 U.S. at 662, 122 S. Ct. at 1770. Two years later, in Howard v. United States, 374 F.3d 1068, 1077 (11th Cir. 2004), the United States Court of Appeals for the Eleventh Circuit held that the decision in Shelton announced a newly recognized right made retroactively applicable to cases on collateral review. In Howard, therefore, the Eleventh Circuit allowed the defendant to present an otherwise time-barred challenge to his federal sentence in a § 2255 motion.

On November 29, 2004, Fullwood filed the Motion for Recall of Mandate and Reconsideration of § 2255 Denial (Doc. 6) at issue here. Fullwood argued that he is entitled to the benefits of the decisions in Shelton and Howard. The Magistrate Judge, in a Recommendation entered January 3, 2005, recommended that the Motion be dismissed without prejudice as an unauthorized second or successive § 2255 motion. This Court adopted the Recommendation on February 2, 2005, and dismissed the Motion. Fullwood filed a Notice of Appeal on February 17, 2005. The Eleventh Circuit granted a certificate of appealability on the following issue:

> Whether the district court violated Castro v. United States, 540 U.S. 375, 124 S. Ct. 786, 157 L.E.2d 778 (2003), by treating appellant's "Motion for Recall of Mandate and Reconsideration of § 2255 Denial" as an impermissibly successive 28 U.S.C. § 2255 motion to vacate, when the court construed appellant's previous 28 U.S.C. § 2241 petition as appellant's "first" § 2255 motion without informing him of the consequences of the recharacterization or giving him the opportunity to amend or withdraw the petition.

5

Fullwood v. Wiley, No. 05-10896 (11th Cir. Sept. 22, 2005).

On May 23, 2006, the Eleventh Circuit held that this Court erred by dismissing the Motion for Recall of Mandate and Reconsideration of § 2255 Denial as a successive § 2255 motion. The appellate court found that Fullwood was not given an opportunity, in 2000, to amend or withdraw his § 2241 Petition before it was recharacterized as a § 2255. The court concluded, therefore, that pursuant to the decision in Castro in 2003, the second or successive restrictions of § 2255 could not be applied to Fullwood's later motions. The court thus remanded the matter for further proceedings.

On remand, in the Report and Recommendation at issue here, the Magistrate Judge recommends that the Motion for Recall of Mandate and Reconsideration of Denial of § 2255 Motion be denied, having concluded that the Motion presents no justiciable issue. The Court concurs with the result obtained by the Magistrate Judge but wishes to clarify the standard by which the result must be obtained.

III. CONCLUSIONS OF LAW

Fullwood's § 2241 Petition, as filed in 2000, was recharacterized as a § 2255 Motion to Vacate, Set Aside or Correct Sentence. There was no error in the decision to recharacterize, nor was there error in the Court's analysis of the Motion under § 2255, as determined by the Eleventh Circuit in 2002. However, the Eleventh Circuit has now determined that the Supreme Court's decision in Castro, in 2003, limited the way this Court could construe later motions filed by Fullwood. Specifically, the Eleventh Circuit concluded that the § 2241, though properly

construed as a § 2255 in 2000, cannot be treated as a § 2255 for purposes of applying the second or successive restrictions of § 2255 to the Motion for Recall.

Although the Court may not apply the second or successive restrictions of § 2255 to the Motion for Recall, the Court, nevertheless, retains the authority to recharacterize the Motion for Recall and analyze it as having been brought pursuant to § 2255. However, doing so without having first provided Fullwood with notice and an opportunity to amend would run counter to the directives of the Supreme Court in Castro, while providing the requisite notice at this late date would unnecessarily expand the litigation. Moreover, review of Fullwood's Motion makes clear that he is not attempting to bring a § 2255 Motion. Rather, Fullwood's Motion seeks to have the judgment entered in 2001 on the § 2241/§ 2255 set aside and to have the § 2241/§ 2255 reconsidered in light of the decisions in Shelton and Howard. Thus, this Court will address what authority, if any, it has to grant Fullwood the relief sought by his Motion without treating it as a § 2255.

First, Fullwood asks the Court to recall the mandate issued December 1, 2002. Second, Fullwood asks the Court reconsider the decision previously issued on his § 2241/§ 2255 and to impose a new sentence that is not enhanced by the uncounseled conviction obtained in 1988. With respect to these requests, the Court notes three things: First, the Supreme Court has held that when a judgment has been obtained and affirmed on appeal, a district court may entertain a Rule 60(b) motion without first obtaining leave of the appellate court and no recall of the mandate is required, Standard Oil Co. v. United States, 429 U.S. 17, 17, 97 S. Ct. 31, 31 (1976);

7

second, Rule 60(b) of the Federal Rules of Civil Procedure authorizes a district court to relieve a party from final judgment, even after appeal, if specific standards are met; and third, to the extent that it is not inconsistent with other applicable federal statutory provisions, a Rule 60(b) motion may be used to seek relief from judgment in habeas cases. *See* Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641 (2005) (holding that Rule 60(b) can be used to obtain relief from judgment in § 2254 cases); Galatolo v. United States, No. 05-10396, 2006 WL 2690199, at *3 n.4 (11th Cir. Sept. 20, 2006) (applying Gonzalez to § 2255 cases). It therefore appears to the Court that Fullwood's Motion is more properly analyzed pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) sets forth six grounds on which a party may obtain relief from judgment, only one of which, a catch-all provision, is potentially applicable here: "any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b)(6). The Eleventh Circuit has routinely required parties moving for relief under Rule 60(b)(6) to show extraordinary circumstances justifying relief. *See, e.g.,* Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). Thus, the issue is whether Fullwood's Motion to Recall, as construed pursuant to Rule 60(b)(6), shows extraordinary circumstances justifying an order setting aside the 2001 Judgment on his § 2241/ § 2255 Petition. More particularly, the Court must decide whether the decisions in Shelton and Howard serve to create the extraordinary circumstances required for relief.

Here, and as more fully discussed below, the Court finds that Fullwood fails to satisfy

8

Rule 60(b) for either of two reasons. First, even allowing for the retroactive application of Shelton, as directed by Howard, pursuant to § 2255 ¶ 6(3), Fullwood only had until May 20, 2003, to move under Shelton; Fullwood waited until 2004. Allowing Fullwood to obtain relief under Rule 60(b) based on a motion filed in 2004 would thus be inconsistent with applicable federal statutory provisions limiting the time within which such challenges may be brought. Second, even if Fullwood's Motion is treated as timely, and Shelton is applied on the merits, the result in Shelton is not a change in the law relevant to Fullwood's case at the time of his sentencing. Therefore, Shelton, as applied by Howard, does not provide a basis for setting aside the Judgment entered in 2001.

### A. Fullwood's Motion for Recall is Not Timely.

In Shelton, the Supreme Court held that "a suspended sentence that may 'end up in the actual deprivation of a person's liberty' may not be imposed unless the defendant was accorded 'the guiding hand of counsel' in the prosecution for the crime charged." Shelton, 535 U.S. at 658, 122 S. Ct. at 1767 (quoting Argersinger v. Hamlin, 407 U.S. 25, 40, 92 S. Ct. 2006, 2014 (1972)). In Howard, the Eleventh Circuit determined that Shelton announced a newly recognized right made retroactively applicable to cases on collateral review. Howard, 374 F.3d at 1076. The appellate court concluded, therefore, that the decision in Shelton "restarted the one-year clock of § 2255 ¶ 6's statute of limitations." Id. at 1081. Thus, as a result of the decision in Howard, in the Eleventh Circuit, § 2255 movants had one year from the date on which Shelton was decided, May 20, 2002, in which to file § 2255 motions raising challenges

9

to their sentences based on the decision in Shelton.[1] 28 U.S.C.A. § 2255 ¶ 6(3) (West 2006) (stating that the limitation period for § 2255 motions shall run from the latest of "the date on which the right asserted was *initially recognized* by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review") (emphasis added).

Fullwood did not file a § 2255 motion between May 20, 2002, and May 20, 2003. Instead, on November 29, 2004, he filed the Motion for Recall of Mandate at issue here, in which he sought the benefit of the new right resulting from the decision in Shelton in 2002. In the Court's view, allowing him to use the Motion for Recall, filed in 2004, as a vehicle for vacating a judgment entered before 2002 would circumvent the limitations period imposed by § 2255. Initially, Fullwood had until April 23, 1997, to file a § 2255; he failed to file within that period. As a result of the decision in Shelton, as applied in Howard, he had the opportunity to benefit from the "rewind" provision of § 2255 ¶ 6(3) and could have, but did not, file a § 2255 by May 20, 2003.[2] He may not now rely on a filing made in 2004 to obtain the same relief.

---

[1] In Howard, in discussing § 2255 ¶ 6(3)'s "retroactively applicable" provision, the Eleventh Circuit asked, "Made retroactively applicable by whom?" Howard, 374 F.3d at 1076. The court noted that the law was unsettled as to whether circuit courts could decide retroactivity, but concluded that the government waived the right to challenge the issue and elected to address retroactivity. The court then concluded that Shelton should have retroactive application. The decision in Howard thus had the effect of establishing a remedy after the time for the remedy had already expired. Moreover, retroactive application necessarily only applied to defendants with cases pending in the Eleventh Circuit.

[2] Significantly, the defendant in Howard filed a § 2241 petition, which the district court construed as a § 2255, on November 6, 2002, within a year of the Supreme Court's decision in Shelton. Howard, 374 F.3d at 1070. Thus, in Howard, the court was called on to decide whether the decision in Shelton satisfied the provisions of § 2255 ¶ 6(3), in order to then decide whether Howard's § 2241/§ 2255 motion was timely. Here, even if the Court were to construe the Motion filed in 2004

10

Allowing Fullwood to use his Motion for Recall to bring the Shelton issue before the Court would allow him to avoid the limitations period of § 2255. Such a use of Rule 60(b) would be inconsistent with other applicable federal statutory provisions. Therefore, the Court finds that a motion filed in 2004, relying on the Eleventh Circuit's decision in Howard, making Shelton retroactive, may not be used as a basis for setting aside the judgment previously entered.

### B. The New Rule Advanced in Shelton Does Not Apply to Fullwood's Case.

Even looking to the merits of Fullwood's Motion for Recall, they are insufficient to satisfy the demanding "extraordinary circumstances" standard of Rule 60(b) because the decision in Shelton does not change the result previously obtained in this case. Fullwood's argument is that his federal sentence was improperly enhanced by the use of a conviction in which he did not receive the benefit of counsel. Specifically, in 1988, Fullwood pleaded guilty in the Superior Court of Crisp County, Georgia, to a violation of the Georgia Controlled Substances Act. Fullwood was sentenced to serve a period of ten years on probation, with the exception of the first 30 days which were served in jail, and also ordered to pay a fine of $2500.00. Fullwood was not represented by counsel at the sentencing. [3] The uncounseled

---

as a § 2255, it would not be timely for purposes of the limitations periods set forth at § 2255 ¶ 6(3), as it was filed after May 20, 2003.

[3] The Court is not, of course, making findings of fact on the issue of whether Fullwood was represented at the sentencing, and such a finding is not necessary to a determination on the Motion, but it is clear from the colloquy set forth in the copy of the transcript of the sentencing that was provided by Fullwood as an attachment to the § 2241 Petition that no attorney was present with Fullwood at the sentencing. However, there may be an explanation for why Fullwood was unrepresented that does not appear in the record. For example, Fullwood may have declined the assistance of an appointed counsel and elected to appear alone.

11

conviction was later used to enhance Fullwood's criminal history category under the Federal Sentencing Guidelines when he was sentenced in this Court.

Fullwood argues that when his sentence was enhanced on February 24, 1993, through the use of an uncounseled conviction, it was in violation of his constitutional rights, and he may be correct, but not because of the decision in Shelton. As the Magistrate Judge and the Government pointed out, the relief Fullwood seeks was available to him at the time of his sentencing. Moreover, unlike the defendant in Shelton, Fullwood was not sentenced in federal court on the basis of a *suspended* sentence imposed without benefit of counsel. Instead, Fullwood received a 30-day prison term and a ten-year probated sentence for a felony offense without benefit of counsel. Long before the decision in Shelton was issued, and even before Fullwood was sentenced, case law had established the right of a criminal defendant, such as Fullwood, to collaterally attack a conviction that was obtained in violation of the right to counsel. *See, e.g.,* United States v. Tucker, 404 U.S. 443, 448-49, 92 S. Ct. 589, 592-93 (1972) (remanding case to district court for resentencing where court considered felony convictions obtained in violation of right to counsel in determining sentence); United States v. Roman, 989 F.2d 1117, 1119 (11th Cir. 1993) (relying on Tucker and noting that "the Constitution bars federal courts from using certain kinds of convictions at sentencing"). Moreover, in 1994, the Supreme Court reaffirmed the "unique constitutional defect" stemming from a failure to appoint counsel, but declined to "extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in Gideon."

12

Custis v. United States, 511 U.S. 485, 496, 114 S. Ct. 1732, 1738 (1994).

Having had the right to challenge at sentencing the use of the uncounseled prior conviction to enhance his federal sentence, and having failed to do so, Fullwood also did not have the right to raise a challenge to the use of the conviction in a § 2255 motion.[4] *See* Daniels v. United States, 532 U.S. 374, 382, 121 S. Ct. 1578, 1583 (2001) (applying procedural default rules and stating, "A defendant may challenge a prior conviction as the product of a Gideon violation in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding."). The Eleventh Circuit reached the same conclusion in 2002 when it considered Fullwood's first appeal: "Because Fullwood did not raise the issue at his federal sentencing proceeding, he cannot collaterally attack the state conviction in a section 2255 motion." Fullwood v. Wiley, No. 01-16439, slip op. at 10 (11th Cir. Oct. 4, 2002).

In sum, Shelton extended well-established principles concerning the Sixth Amendment right to counsel to include a suspended sentence that may lead to the actual deprivation of a person's liberty. However, the result obtained in Shelton is not applicable to Fullwood's case. Rather, the principles upon which Shelton was based were available to Fullwood and applicable to him at the time he was sentenced, yet he failed to avail himself of those rights in a timely manner. As a result, his Motion for Recall, which seeks relief available to him at the time he was sentenced, offers no "extraordinary circumstances" that would entitle him to relief from

---

[4] This Court offers no opinion as to whether Fullwood could have raised the issue in the context of a § 2255 ineffective assistance of counsel claim stemming from the failure of his sentencing attorney to raise a challenge to the use of the prior conviction. Regardless, for such a claim to have been timely under § 2255, it must have been brought by April 23, 1997. No such motion was filed.

judgment pursuant to Rule 60(b)(6).

## IV. CONCLUSION

The Motion for Recall of Mandate and Reconsideration of § 2255 Denial offers no basis for relief. Fullwood may not use the decision in Howard and a Motion for Recall to circumvent the limitations periods set forth at § 2255. Furthermore, the new right resulting from the decision in Shelton does not apply to Fullwood's case, and Fullwood has not shown the extraordinary circumstances necessary to obtain relief under Rule 60(b)(6). Therefore, the Recommendation of the Magistrate Judge is accepted and the Motion for Recall of Mandate and Reconsideration of § 2255 Denial is denied.

**SO ORDERED**, this the _1st_ day of _February_, 2007.

_____
**HUGH LAWSON, JUDGE**

mls

14